# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO: _____<br>)<br>) |
| ASPEN ORLEANS, L.P.; DUNHILL PRODUCTS, L.P.; H. STRYKER EMMERTON, an individual; STEVEN FRIETSCH, an individual; and HENRY WUERTZ, an individual, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## VERIFIED COMPLAINT FOR OVER $19,000,000 IN DAMAGES

COMES NOW Regions Equipment Finance Corporation ("REFCO" or "Lender"), and for its Complaint against Aspen Orleans, L.P. ("Aspen Orleans"), Dunhill Products, L.P. ("Dunhill Products"), H. Stryker Emmerton ("Emmerton"), Steven Frietsch ("Frietsch"), and Henry Wuertz ("Wuertz") (collectively, "Guarantors"), states as follows:

## PARTIES

1. REFCO is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

2. Aspen Orleans is a foreign limited partnership organized in the State of Delaware whose address is 450C Government Street, Mobile, Alabama, 36602.

3. Dunhill Products is a foreign limited partnership organized in the State of Delaware whose address is 7026 Old Katy Road, Suite 249, Houston, Texas 77024.

4. Emmerton is an individual over the age of 19 years and who, based on information and belief, resides in Houston, Texas. Emmerton may be served with process at his home address at 922 Huntington Cove, Houston, Texas 77063-1500, or wherever he may be found.

5. Frietsch is an individual over the age of 19 years and who, based on information and belief, resides in Houston Texas. Frietsch may be served with process at his home address at 2701 Westheimer Road, Unit 11A, Houston, Texas, 77098-1284, or wherever he may be found.

6. Wuertz is an individual over the age of 19 years and who, based on information and belief resides in New Orleans, Louisiana. Wuertz may be served with process at his home address at 6021 Constance Street, New Orleans, Louisiana, 70118-5806.

**JURISDICTION AND VENUE**

7. The amount in controversy, exclusive of interest and costs, exceeds $19,000,000.

8. This Court has subject matter jurisdiction pursuant to The Ship Mortgage Act, 46 U.S.C. § 31325(a) and (b)(2)(B) in that this is a civil action against guarantors to enforce a claim for the outstanding indebtedness secured by a preferred mortgage on documented vessels of the United States.

9. Venue is proper because the Guarantors specifically consented to submit to the jurisdiction of any state or federal court in Jefferson County, Alabama and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred therein.

## FACTUAL ALLEGATIONS

### I. The Loans Guaranteed by Defendants

10. On or about April 17, 2008, REFCO and Accumarine Transportation, L.P., ("Borrower"), together with the Guarantors, entered into that certain Third Amended and Restated Loan Agreement ("Loan Agreement"), to govern the terms and conditions pursuant to which Regions would extend credit to Borrower. A true and correct copy of the Third Amended and Restated Loan Agreement is attached hereto as **Exhibit "A".**

11. On or about May 18, 2007, REFCO and Borrower executed and delivered the original Loan Agreement (which agreement has been amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create a line of credit in favor of Borrower to finance the acquisition and

3

refurbishment by Borrower of certain barges and towing vessels. On even date with the original Loan Agreement, and pursuant thereto, for valuable consideration, Borrower executed and delivered to REFCO a Promissory Note in the principal amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 Dollars ($3,500,000.00) to evidence the maximum amount of advances to be made by REFCO to Borrower under the line of credit opened under the Loan Agreement (the "Facility A Note"). A true and correct copy of the Facility A Note is attached hereto as **Exhibit "B"** and incorporated herein by reference. All credit available to Borrower under the original Loan Agreement and the Facility A Note was fully drawn by August 17, 2007.

12. On or about June 14, 2007, REFCO and Borrower executed and delivered an amendment to and restatement of original Loan Agreement (which agreement has been further amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create an additional term loan facility in favor of Accumarine of up to TWO MILLION SIX HUNDRED SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to finance the acquisition and refurbishment by Borrower of two used coastwise towing vessels. On even date with the amendment and restatement of the Loan Agreement, Borrower executed and delivered to REFCO, for valuable consideration, a Promissory Note in the principal amount of TWO MILLION SIX HUNDRED

SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to evidence the additional acquisition loan made by REFCO to Borrower pursuant to the Loan Agreement as amended and restated (the "<u>Facility B Note</u>").  A true and correct copy of the Facility B Note is attached hereto as **Exhibit "C"** and incorporated herein by reference.

    13. On or about July 11, 2007, REFCO and Borrower executed and delivered a second amendment and restatement of the Loan Agreement (which Loan Agreement has been further amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create an additional line of credit in favor of Borrower to finance the acquisition and refurbishment of certain additional tank barges. On even date with the second amendment and restatement of the Loan Agreement, for valuable consideration, Borrower executed and delivered to REFCO a Promissory Note in the principal amount of NINE MILLION THREE HUNDRED SIXTY THOUSAND AND NO/100 Dollars ($9,360,000.00) to evidence the maximum amount of advances to be made by REFCO to Borrower under the new line of credit opened under the Loan Agreement as amended and restated (the "<u>Facility C Note</u>").  A true and correct copy of the Facility C Note is attached hereto as **Exhibit "D"** and incorporated herein by reference.  All credit available to Borrower under the Loan Agreement,

as amended and restated, and the Facility C Note was fully drawn by August 22, 2007.

  14. On or about April 17, 2008, REFCO and Borrower executed and delivered the Third Amended and Restated Loan Agreement to amend and restate the original Loan Agreement (as previously amended and restated) to create an additional term loan facility in favor of Borrower of up to FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) in order to finance the acquisition and refurbishment of an additional towboat and certain additional tank barges and to refinance a bridge loan made to Borrower by Regions Bank, an affiliate of plaintiff, which had been used by Borrower to finance the acquisition of two additional towing vessels.  On even date with the amendment and restatement of the Loan Agreement, Borrower executed and delivered to REFCO, for valuable consideration, a Promissory Note in the principal amount of FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) to evidence the additional loan made by REFCO to Borrower pursuant to the Loan Agreement as amended and restated (the "<u>Facility D Note</u>", and together with the Facility A, Facility B and Facility C Notes, the "<u>Notes</u>").  A true and correct copy of the Facility D Note is attached hereto as **Exhibit "E"** and incorporated herein by reference.

**II.     The Preferred Mortgage**

15.    In order to secure all existing and future obligations, liabilities and indebtedness of Borrower under the Loan Agreement, as amended and restated, and under the Notes, among other obligations, Borrower executed and delivered that certain First Preferred Fleet Mortgage, dated May 18, 2007, in favor of Regions, as mortgagee, in the original amount of $3,500,000.00.  The First Preferred Fleet Mortgage was filed with the United States Coast Guard, National Vessel Documentation Center, on May 22, 2007 at 4:27 p.m. and recorded as Batch No. 589034, Doc. ID No. 7203392.  The First Preferred Fleet Mortgage was supplemented by six separate mortgage supplements, each executed and delivered by Borrower and REFCO on or about June 17, 2007, July 11, 2007, August 9, 2007, January 31, 2008, April 17, 2008 and May 1, 2008, respectively, and each duly filed with the United States Coast Guard, National Vessel Documentation Center.  True and correct copies of the original First Preferred Fleet Mortgage, and Supplements Nos. 1 – 6 thereto, are attached hereto as **Exhibits "F-1" – "F-7"** (the original First Preferred Fleet Mortgage, as supplemented by Supplements Nos. 1 – 6, hereinafter, collectively, the "Mortgage") and incorporated herein by reference.  The Mortgage, as supplemented, constitutes a preferred mortgage lien bearing against and encumbering the vessels described therein in the amount of $20,988,000.00.

16. All of the things required to be done under Chapter 313 of Title 46, United States Code, in order to give the Mortgage, as supplemented, the status of a preferred ship mortgage were done and caused to be done by REFCO, as mortgagee, or by the United States Coast Guard, National Vessel Documentation Center.

## III. The Guaranties

17. As an inducement for REFCO from time to time to make loans, or otherwise extend credit or financial accommodations to Borrower, the Guarantors jointly and severally executed those certain Guaranty Agreements (the "<u>Guarantees</u>") in favor of REFCO on May 17, 2007, in which each Guarantor jointly and severally and unconditionally guaranteed, payment of all indebtedness of the Borrower to REFCO, whether originally contracted with or otherwise acquired by REFCO. Pursuant to the terms of the Guarantee, REFCO is not required to seek payment from any other source before demanding payment from the Guarantors. A true and correct copy of the Guarantee is attached hereto as **Exhibit "G"** and incorporated herein by reference.

18. In addition to the obligation of the Guarantors to pay the principal and interest due under the Notes, the Guarantees also provide that the Guarantors agree to pay, on demand, jointly and severally all losses, costs, attorneys' fees and

expenses incurred by REFCO as a result of Borrower's default or the default of any guarantor.

## IV.   The Default by Borrower and by Guarantors

19.   Borrower is now in default under the Loan Agreement, the Notes and the Mortgage as hereinafter set forth.  As of March 15, 2010, the aggregate outstanding balance of principal and accrued and unpaid interest owned under the Notes was $19,272,040.89, broken down as follows:

| Note | Outstanding Principal | Outstanding Interest |
|---|---|---|
| Facility A Note | $2,303,938.06 | $154,431.97 |
| Facility B Note | $3,061,708.36 | $193,879.37 |
| Facility C Note | $8,719,615.64 | $566,569.77 |
| Facility D Note | $5,186,778.83 | $279,416.62 |

The outstanding balance owed under the Notes continues to accrue interest at the Default Rate stipulated in the Loan Agreement and the Notes, eighteen percent (18%) per annum, until all sums due under the Loan Agreement and the Notes is paid in full.

20.   Specifically, Events of Default have occurred and are continuing pursuant to Sections 8.1 (a), (b), (c) and (d) of the Loan Agreement as a result of (1) the Borrower's failure to make the payments of principal and interest scheduled

under the Notes), (2) the Borrower's and Guarantors' failure to comply with the financial reporting requirements set forth in subsection (b) of Section 6.1 of the Loan Agreement and in the Guaranties, (3) the Borrower's failure to maintain a Debt Service Coverage Ratio of not less than 1:30:1 as required under Section 6.1 of the Loan Agreement, and (4) the Borrower's failure to prevent the attachment of Liens against the mortgaged vessels in violation of Section 7.1 of the Loan Agreement and Section 1.03 of the Preferred Mortgage.

21.     Notwithstanding the Events of Default, REFCO and Borrower agreed to a forbearance by letter dated April 30, 2009. (*See* Forbearance Letter attached hereto as **Exhibit "H"** and incorporated herein by reference). Under the agreement, Borrower acknowledged that it was in default under the Notes as well and the loan agreement and other loan documents.

22.     As a result of the occurrence and continuance of the Events of Default, as well as Borrower's continued default after the forbearance agreement, REFCO has the right to demand immediate payment from the Borrower and Guarantors for the payment, *inter alia*, of all of the Indebtedness and to exercise any and all rights and remedies available to REFCO at law, in equity or by agreement.

23.     In addition to the obligation of the Borrower to pay the principal and interest due under each Note to REFCO, each Note also provides that the holder

thereof is entitled to recover its costs and expenses, including without limitation, attorney's fees and all expenses, incurred by such holder in connection with the collection or enforcement of payment of the Notes.

24. As a result of Borrower's default, REFCO demanded that Guarantors satisfy the outstanding indebtedness of the Borrower (*see* April 9, 2009 Demand Letter attached hereto as **Exhibit "I"** and incorporated herein by reference), however, Guarantors have failed and/or refused to satisfy their obligations to REFCO.

25. The Guarantors' obligation under the Guarantees exceed $19,000,000.00.

## COUNT I: BREACH OF CONTRACT BY GUARANTORS

26. REFCO restates and re-alleges the averments of all preceding paragraphs as if fully set forth herein.

27. The Guarantors are in default of their obligations under the Loan Agreement, Notes and Guarantees (the "Loan Documents").

28. Despite written demand, the Guarantors have failed to pay REFCO the amounts due under the terms of the Loan Agreement and Notes.

## COUNT II: ATTORNEYS' FEES

29. REFCO restates and re-alleges the averments of all preceding paragraphs as if fully set forth herein.

30. Under the terms of the Loan Documents, the Defendants are obligated to pay the Plaintiff's costs of collecting the amounts due under the Loan Documents, including attorneys' fees and other costs.

WHEREFORE, REFCO prays for the following relief:

a. Pursuant to Count One, REFCO demands judgment against Guarantors, jointly and severally, for the principal indebtedness outstanding under the Loan Agreement and Notes, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys fees;

b. Pursuant to Count Two, REFCO demands judgment against the Guarantors jointly and severally, for REFCO's expenses of collection, including attorneys' fees and other costs; and

c. For all such other and further relief the Court may deem appropriate.

Respectfully submitted this 23rd day of March, 2010.

/s/ *James L. Priester*
James L. Priester (PRI023)
Tiffany T. Leonard (LEO017)

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
Jayna Partain Lamar (PAR047)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
205-254-1000

# **V E R I F I C A T I O N**

STATE OF ALABAMA        )

COUNTY OF JEFFERSON  )

BEFORE ME, the undersigned authority, personally came and appeared

_____

who first duly sworn did depose and say:

THAT he is a Vice President of Regions Equipment Finance Corporation, the plaintiff herein; and

THAT he has reviewed the above and foregoing Complaint, and the contents thereof are true and correct to the best of his knowledge, information and belief based on a review of the Exhibits attached to the Complaint and the books and records of plaintiff

_____
_____

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _____ DAY OF

MARCH , 2010.

_____
NOTARY PUBLIC

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Aspen Orleans, L.P.
450C Government Street
Mobile, Alabama 36601
Attention: Henry P. Wuertz

Dunhill Products, L.P.
7026 Old Katy Road, Suite 249
Houston, Texas 77024
Attention: Steven Frietsch

Mr. H. Stryker Emmerton
922 Huntington Cove
Houston, Texas 77063-1500

Mr. Steven Frietsch
2701 Westheimer Road, Unit 11A,
Houston, Texas, 77098-1284

Mr. Henry P. Wuertz
6021 Constance Street
New Orleans, Louisiana, 70118-5806

/s/ *James L. Priester*
OF COUNSEL